Mary Verde-Rose, Respondent, *v.* Di Noto Baking Co. et al., Appellants.

First Department, April 18, 1961.

*James B. McLaughlin* for appellants.

*Julius Wolfson* for respondent.

*Per Curiam.* Defendants' application to examine the plaintiff before trial was denied on the ground that a certificate of readiness was on file. As will be seen, this is a compelling reason for denying the right to examine. It appears, however, that defendants had defaulted in answering and plaintiff was given permission to put the case on the calendar for the purposes of an assessment of damages, and that the certificate was filed in connection with and pursuant to that permission. Thereafter, defendants applied to open their default, the application was granted, defendants were given permission to answer and did answer. Upon service of the answer the case could no longer remain on the calendar for the purposes of an assessment of damage because plaintiff no longer had the right to proceed to inquest. For all intents and purposes, the note of issue and the certificate were nullities. Hence, the certificate should not have been considered as a bar to the right to examine.

The introduction of a new procedure carries with it certain necessary implications and these, in turn, affect procedural rules. The certificate of readiness by its filing provides an automatic cut-off date for practice applications. In order to avail himself of the privilege of making such an application, a party must first vacate the certificate. An application to do so is the proper form for testing whether applications have been made promptly or are to be refused on account of laches. Absent the certificate, procedures must be deemed to be timely. This is because the failure to file a certificate extends the time for such applications and is an automatic consent thereto. Here the certificate was filed pursuant to a special situation which thereafter ceased to exist. There was no necessity for moving to vacate it because, by its terms, its limited application made it inoperative. There being no valid certificate, there is no objection on the ground of timeliness that could be heard and, as there was no other objection to the notice of examination, the motion to vacate should have been denied.

The order granting the motion to vacate should be reversed, on the law, on the facts and in the exercise of discretion, without costs, and the motion denied.

Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ., concur.

Order, entered on September 26, 1960, vacating defendants' notice of examination before trial of plaintiff, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and the motion denied. Settle order on notice fixing date for examination to proceed.